THE PEOPLE OF THE STATE OF NEW YORK, Respondent v. AL OLSON, Appellant.—

No opinion. Munder, Acting P. J., Martuscello, Shapiro and Benjamin, JJ., concur; Gulotta, J., concurs in granting the motion to reargue, but otherwise dissents, and votes to adhere to the original decision and order, with the following memorandum: This motion for reargument raises the question of the proper application of section 207 of the Mental Hygiene Law. Defendant was convicted on his plea of guilty to criminal possession of a dangerous drug in the fourth (now the sixth) degree, a Class A misdemeanor, an offense included in article 220 of the Penal Law. The order of reversal and the memorandum of this court indicated that every person so charged is required to undergo an examination to determine addiction. The District Attorney concedes that in the instant case an examination is mandated because, in addition to being charged with a violation of article 220, there were also indications that defendant might indeed be a narcotic addict. However, he contends that were it not for these manifestations, an examination would not have been required — in other words, that a charge under article 220, in and of itself, does not require an examination. The answer to this question turns on the somewhat ambiguous phraseology of section 207 of the Mental Hygiene Law. That section provides in substance that any person charged with an article 220 crime (i.e., a drug crime) and any person charged with any felony or misdemeanor or the offense of

prostitution, " who, while in custody or when he appears before the court, shall state, indicate or show symptoms, or it otherwise appears, that he is a narcotic addict ", shall be examined. The query is: does the quoted clause modify both of the foregoing classes of persons or only the second class? I think we must conclude that it modifies only the second class, for, were it otherwise, there would have been no need to state the first class separately, since all article 220 crimes are felonies or misdemeanors and would have been included in any event. It would seem that we must conclude that the Legislature had in mind to treat drug violators differently from others. I appreciate that it may be argued, and with persuasive effectiveness, that it makes little sense and is very burdensome to have wholesale examinations of people who are not addicts and who there is no reason to believe are addicts. For example, we may point to possessors and users of marijuana and other nonaddictive drugs and even to sellers who are nonusers of addictive drugs. However, the policy in such matters is set by the Legislature, not by the courts. We go as far as we can, or should, when we point out the error in such an approach, if that it be, and leave it to the Legislature to correct, since it is not an error in syntax, but rather in a policy deliberately adopted. In *People ex rel. Ali* v. *La Vallee* (36 A D 2d 140 [3d Dept.]) the court appears to have taken the opposite view, but it did so without discussion of the point made herein and therefore that holding lacks the persuasiveness it otherwise would have. Therefore, I would grant the motion to reargue, but adhere to the decision and order as originally issued.